[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Morris Construction Company, Inc., of Brookfield, performed construction work at the home of the plaintiff, Robert J. Victory, located at 36 Douglas Drive, Norwalk in 1995. The defendant sent a final invoice to the plaintiff claiming a balance of approximately $40,400, which the CT Page 4943 plaintiff refused to pay. The parties agree that the work performed by the defendant was based on an oral time and material contract, and not on a written contract.
The plaintiff brought a complaint in two counts. In the first count, the plaintiff alleges that the remodeling work performed by the defendant was done in a defective, unworkmanlike and untimely manner. The plaintiff further alleges that he was obliged to expend funds for repairing the defects and that he was deprived of the use of his home. In the second count, the plaintiff contends that the failure to have a written contract constitutes violations of General Statutes § 20-418, the Home Improvement Act (HIA)[1] and General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA).[2]
The defendant filed two special defenses and a counterclaim. The first special defense contends that the plaintiff was the general contractor on the project and that any delays in completing the work were caused by the plaintiff making a number of changes in the original agreement. The second special defense claims that any violation of the HIA was caused by the plaintiff's bad faith. In the first count of the counterclaim, the defendant alleges that the parties entered into a time and materials contract, that the defendant duly performed its obligations under the contract, and that there is a balance due. In the second and third counts, the defendant alleges that the reasonable value of the labor and materials furnished the plaintiff was approximately $99,400, of which a balance of approximately $40,400 remained unpaid.
The case was referred to Attorney Heather M. Brown, an attorney trial referee, in accordance with General Statutes §52-434 (a) and Practice Book § 428 et seq. The referee conducted a trial and submitted a report. The referee's report is summarized by the following sentence. "It simply is unfair to apply the Home Improvement Act and call the defendant a Home Improvement Contractor under the facts of this case." As a result of this conclusion the referee recommended judgment in favor of the defendant with respect to both the complaint and its counterclaim.
Although agreeing that the plaintiff owned the subject premises as his own residence, and that the defendant was a registered home improvement contractor who furnished labor and material at the plaintiff's home, the referee determined that the CT Page 4944 plaintiff was acting as the general contractor and that the defendant was a subcontractor. Hence, the referee concluded that the HIA was not applicable to these parties as the act applies only to homeowners and general contractors.
The referee found the following facts as the basis for her conclusion that the plaintiff was the general contractor: (1) the plaintiff and John J. Morris, Jr., the principal of the defendant corporation, had been good friends for many years, and their oral contract is not an "arm's length transaction;" (2) as an accommodation, the defendant prepared for the plaintiff an estimate of costs for the project; (3) the plaintiff listed himself as "general contractor" on three separate building permit applications, and signed each application as "applicant and as owner;" (4) the plaintiff as "homeowner/general contractor" controlled and directed the work of the defendant, oversaw the entire project and was responsible "for the final result;" (5) the defendant was a subcontractor, even though the defendant "assum[ed] some of the roles of a general contractor;" and (6) the plaintiff charged for materials against the defendant's trade accounts.[3]
The plaintiff filed a motion to correct pursuant to Practice Book § 438. He asked the referee to correct her findings that he was acting as general contractor and that the defendant was a subcontractor. The defendant also filed a motion to correct and asserted that the reason there was an oral contract was that the plaintiff insisted that there not be a written contract.
The attorney trial referee declined to change her report in response to either motion to correct. She reiterated her conclusion that the plaintiff acted as a general contractor because, in addition to the reasons noted above, he: (1) determined "the scope of the work and the sequencing of construction;" (2) used the defendant's "trade accounts" for his own convenience; and (3) "used the defendant's expertise to secure data for financing approval." The referee rejected the defendant's request for a finding regarding the plaintiff's intentions as to entering into a written contract and stated that the only relevant fact was that there was no written contract.
The plaintiff then filed "exceptions" to the report as authorized by Practice Book § 439. (An exception asks the court to correct the referee's report to the extent that a party's motion to correct on the same subject has been denied by CT Page 4945 the referee. A court is authorized to make such a correction only if a material fact "has been found without evidence," or the referee had failed to find "an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear"). The plaintiff reiterated his contention that the referee's characterization of his role as the general contractor was in error.
The file does not indicate that the plaintiff filed a transcript of the trial before the referee as required by Practice Book § 439. Therefore, it may be assumed that such a transcript is not "crucial" to reviewing the exceptions to the report. Beizer v. Goepfert, 28 Conn. App. 693, 706-07,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786 (1993). It is impossible for a reviewing court, without a transcript, to determine whether the subordinate facts found by the referee are supported by the evidence.
Moreover, "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) Elgar v.Elgar, 238 Conn. 839, 848-49, 679 A.2d 937 (1996).
The plaintiff also filed objections to the acceptance of the referee's report as authorized by Practice Book § 440 ("A party may file objections to the acceptance of a report on the ground that conclusions of fact stated in the report were not properly reached on the basis of the subordinate facts found, or that the committee erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted"). The objections are the same as the exceptions and relate to the determination by the referee that the plaintiff was CT Page 4946 the general contractor on the job and hence that the HIA does not apply. In connection with the filing of objections, it should be noted that "[s]ection 440 . . . cannot be used to attack findings of fact." Iroquois Gas Transmission System v. Mileski43 Conn. App. 47, 52, 682 A.2d 140 (1996). "Absent . . . [an] exception to the report, the trial court, in ruling on the objection, [is] limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." (Internal quotation marks omitted.) Id., 51.
The referee determined that the plaintiff, who was a home owner, acted in the role of a general contractor in this case and that the defendant was a subcontractor. The court agrees with the referee that if the parties truly have that status, then the HIA is inapplicable for the reasons set forth in Cavanaugh v.Tripodi, Superior Court, judicial district of Waterbury, Docket No. 093348 (October 3, 1990, Byrne, J.), a suit by a subcontractor against a homeowner. The court said: "In order for the Home Improvement Act to apply, there must be a contract between the parties. Obviously in this particular situation, there was no contract of any type between the parties [subcontractor and homeowner] and therefore, the Home Improvement Act does not apply."[4]
Both "owner" and "contractor" are defined terms in the HIA. "Owner" is "a person who owns or resides in a private residence." General Statutes § 20-419 (6). Clearly, the plaintiff is an "owner" of the subject premises. "Contractor" is defined in General Statutes § 20-419 (3) as "any person who owns and operates a home improvement business or who undertakes, offers to undertake or agrees to perform any home improvement." An additional requirement is that the total cash price for all customers must exceed $1,000 in a given year to qualify a person as a contractor. There is no claim by the referee or the defendant that the plaintiff can be deemed a "contractor" within this definition. The argument by the defendant, with which the referee concurred, is that the plaintiff was knowledgeable in the building business and played a major role in determining "the scope of the work and the sequencing of the construction." The referee also points to the application for the building permits in which the plaintiff listed himself both as "owner" and "general contractor."
The defendant, on the other hand, fits squarely within the definition of "contractor" contained in the HIA. It is a CT Page 4947 registered home improvement contractor whose price for all home improvements in the year in question exceeded $1,000, and it clearly performed approximately $100,000 of home improvements on the plaintiff's home.
The real issue in this case is the nature of the referee's determination that the plaintiff was the general contractor and that the defendant was a subcontractor. If these are factual findings, then this court is obliged to accept them. Schmaling v.Schmaling. 48 Conn. App. 1, 10, — A.2d — (1998). On the other hand, if they are legal rulings or conclusions of law, then a different rule applies. "[A] referee's determinations of law in his or her report are not binding on the court. . . . The trial court has the power to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee." (Citations omitted; internal quotation marks omitted.) Dills v. Enfield, 210 Conn. 705, 713, 557 A.2d 517
(1989); see also State Bank of Westchester v. New Dimension Homesof Connecticut Inc., 38 Conn. App. 491, 497, 661 A.2d 119 (1995) (stating "[a]ny legal conclusions reached by an attorney trial referee have no conclusive effect").
The determination of the status of plaintiff and defendant as either owner and contractor or contractor and subcontractor, as the referee found, calls for a legal conclusion because home improvements were furnished without a written contract and therefore the HIA is implicated. This act contains definitions of "owner" and "contractor" and the court believes, as a matter of law, that the plaintiff and the defendant fit into those two categories, respectively
It follows, therefore, that the recommendations of the attorney trial referee that judgment enter in favor of the defendant as to the complaint, and in favor of the defendant to recover $26,146.87 on its counterclaim, are rejected. The case is remanded to the referee for additional findings in the light of the court's ruling that the HIA does apply to this case because the plaintiff is an owner, not a contractor, and the defendant is a contractor, and not a subcontractor. A ruling by the referee is required, however, on the defendant's second special defense claiming that any violation of the HIA "was caused by the plaintiff's bad faith." If the referee does not find "bad faith" on the part of the plaintiff, and therefore that the HIA applies to this case, then the plaintiff's claim of a per se violation of CUTPA will also have to be decided. This in turn will require an CT Page 4948 analysis of whether the plaintiff suffered any ascertainable loss or actual damage, and whether punitive damages and attorney's fees are warranted pursuant to General Statutes § 42-110g (a) and (d), respectively.
So Ordered.
Dated at Stamford, Connecticut, this 7th day of April, 1998.
William B. Lewis, Judge